UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OMEGRA SHIPPING PTE LTD OF SINGAPORE,<br><br>             Plaintiff,<br><br>v.<br><br>WORLD FUEL SERVICES (Singapore) PTE LTD,<br><br>             Defendant. | Civil Action No. 2022-cv-20531 |

**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant WORLD FUEL SERVICES (SINGAPORE) PTE LTD ("WFS") respectfully submits this response to the Court's Order to Show Cause, ECF No. 24, directing the parties to address why the Court should not dismiss this action *sua sponte* for lack of personal jurisdiction over Plaintiff OMEGRA SHIPPING PTE LTD OF SINGAPORE ("Omegra") and Defendant WFS.

The Court has personal jurisdiction over both parties. Omegra, the plaintiff in this action, submitted itself to this Court's jurisdiction by commencing this lawsuit here. *See Edwards v. Johnson*, 569 So.2d 473, 474 (Fla. 1st DCA 1990) ("[A] plaintiff who initiates an action in a Florida court subjects himself to the jurisdiction of that court . . . with respect to the subject matter of the action.") (citing *Burden v. Dickman*, 547 So.2d 170, 172 (Fla. 3d DCA 1989)); *Green Jacket Auctions, Inc. v. Augusta National, Inc.*, CV 118-08, 2018 WL 1954831, at *3 (S.D. Ga. Apr. 25, 2018) ("By filing in this Court, Plaintiffs submitted to the power of this Court to rule on the issues requested by them.") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 818 (W.D. Mich. 2002) ("A court may lack

1

personal jurisdiction over a defendant, but never over a plaintiff, who consents to such jurisdiction by filing suit.").

The Court also has personal jurisdiction over WFS. WFS waived contesting personal jurisdiction—and thus submitted itself to this Court's jurisdiction—by filing a Rule 12(b)(6) motion to dismiss without asserting that defense. *See Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (noting personal jurisdiction defense is "waived when a defendant files a responsive pleading or Rule 12 motion" without asserting the defense) (citing Fed. R. Civ. P. 12); ECF No. 16 (Rule 12 motion to dismiss).

The Court thus need not address the enforceability of the parties' forum-selection clause at this time because there is no dispute over the issue.[1] Moreover, because both parties have freely submitted themselves to this Court's jurisdiction and have otherwise waived contesting personal jurisdiction, there is no basis to dismiss the action *sua sponte* for lack of personal jurisdiction. *See Lipofsky*, 861 F.2d at 1258 (authorizing district court to dismiss action *sua sponte* for lack of personal jurisdiction only in the "absence of a waiver" and only after giving the parties notice specifically because "defendants in some cases may wish to waive" the defense); *Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 595, 597 (11th Cir. 2007) (reversing district court, citing *Lipofsky*, holding court improperly dismissed action *sua sponte* for lack of personal jurisdiction because defendant waived the defense); *Stubbs v. Wyndham Nassau Resort & Crystal*

---

[1] The parties' agreed-upon forum-selection clause is enforceable. Amongst other things, under federal maritime law, forum-selection clauses are presumptively valid and enforceable. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972) (holding "federal district courts sitting in admiralty" must treat forum-selection clauses as "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); ECF No. 4-3 ¶ 19 (U.S. federal maritime choice-of-law provision, and Miami-Dade County forum-selection clause). And neither party contests the clause's reasonableness, let alone its general validity and enforceability. To the extent the Court still has further inquiry on this matter, WFS will of course provide supplemental briefing.

*Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006) (same); *see also Aero Techs., LLC v. Lockton Companies Int'l Ltd.*, 406 F. App'x 440, 441 (11th Cir. 2010) (same regarding venue).[2]

Dated: June 30, 2022
      Miami, Florida

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ *Adolfo E. Jimenez*
Adolfo E. Jimenez, FL Bar No. 869295
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Telephone: (305) 789-7720
Adolfo.Jimenez@hklaw.com

Robert Denig (admitted pro hac vice)
31 W. 52nd St. 12th Fl.
New York, NY  10019
Telephone: (212) 513-3200
Robert.Denig@hklaw.com

*Attorneys for Defendant*
*World Fuel Services (Singapore) PTE LTD*

---

[2] The Eleventh Circuit's current rule that a district court may dismiss an action *sua sponte* for lack of personal jurisdiction even after a defendant makes an appearance is wrong.  *See Azubuko v. E. Bank*, 160 F. App'x 143, 146 (3d Cir. 2005) (collecting cases, including *Lipofsky,* holding district court may not dismiss an action *sua sponte* for lack of personal jurisdiction, "at least where a defendant has entered an appearance[,]" noting that, as a constitutional matter, the "ability to waive the defense of personal jurisdiction should remain with the parties"); *see also Hart Dairy Creamery Corp. v. Kea Invs. Ltd.*, No. 20-CV-20452, 2020 WL 3000209, at *1–2 (S.D. Fla. June 4, 2020) (discussing constitutional rationale for addressing personal jurisdiction *sua sponte* on a motion for **default judgment**).  WFS respectfully reserves the right to appeal the Eleventh Circuit's broader rule.  Nevertheless, because the parties here have waived personal jurisdiction, this Court lacks authority to dismiss *sua sponte* even under *Lipofsky* for the reasons discussed above.