UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OMEGRA SHIPPING PTE LTD OF SINGAPORE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WORLD FUEL SERVICE (Singapore) PTE LTD,<br><br>　　　　　　　Defendant. | Civil Action No. 2022-cv-20531<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION AND, ALTERNATIVELY,
CERTIFICATION FOR INTERLOCUTORY APPEAL**

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT**..................................................................................................................................2

    I.    THE ORDER SHOULD BE RECONSIDERED ..................................................................2

        A.    The Order Is At Odds With The Parties' Contract ............................................3

        B.    The Order Is At Odds With Well-Established Pleading Requirements.............4

        C.    The Order Is At Odds With Other Courts That Have Addressed This Issue.....5

        D.    The Order Is At Odds With The Policy Of Rule 9(b).......................................6

    II.    THE ORDER SHOULD  BE CERTIFIED FOR INTERLOCUTORY APPEAL ........6

        A.    This Certification Motion Was Timely Made.....................................................7

        B.    The Question Presented Meets All Requirements For Interlocutory Appeal...................................................................................................................8

        C.    Compelling Policy Reasons Support Exercising Discretion For Certification ..........................................................................................................9

**CONCLUSION** ...........................................................................................................................10

**REQUEST FOR HEARING**.......................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aparicio v. Swan Lake*,
　643 F.2d 1109 (5th Cir. 1981) ..................................................................................................8

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..................................................................................................................4

*Chudasama v. Mazda Motor*,
　123 F.3d 1353 (11th Cir. 1997) ..............................................................................................10

*Fabricant v. Sears Roebuck*,
　No. 98-1281-CIV-NESBITT, 2001 WL 883303 (S.D. Fla. Jan. 29, 2001)..........................7, 8

*Giddes v. Glens Falls Ins.*,
　2003 WL 23486911 (M.D. Fla. Aug. 5, 2003) .........................................................................8

*Resnick v. KrunchCash*,
　34 F.4th 1028 (11th Cir. 2022) .................................................................................................7

*Sempra Energy Trading v. BP Prods. N. Am.*,
　2007 WL 2175555 .....................................................................................................................5

**Statutes**

28 U.S.C. § 1292(b)........................................................................................................................7

WFS respectfully submits this reply in response to Omegra's opposition brief, ECF No. 51 ("Opposition" or "Opp."), and in further support of WFS' motion for reconsideration and, alternatively, certification for interlocutory appeal, ECF No. 47 ("Motion" or "Mem."), regarding the Court's Order (ECF No. 43) denying in part WFS' Motion to Dismiss (ECF No. 16).

## PRELIMINARY STATEMENT

The specific issue to which this Motion is directed is whether fraud may be inferred solely from a conflict in fuel test results. The Court's Order held such an inference is reasonable; hence, both Omegra's fraud and breach of contract claims survived. That holding, however, is clearly erroneous and manifestly unjust. And it appears the Court did not fully apprehend the issues. Indeed, the specific arguments that WFS raised in prior briefing went unaddressed in the Order.

The Opposition largely ignores WFS' positions supporting reconsideration and certification. For example, if fraud may be inferred from a mere conflict in test results, the agreed-upon dispute resolution provision is rendered useless. By definition, such disputes *always* will involve a conflict in test results. If the fraud exception can be established solely by a conflict in test results, that exception would swallow the rule in this industry-standard dispute resolution provision. Further, because a testing disparity is presented both in cases of fraud *and* in the absence of fraud, this allegation is "merely consistent" with fraud such that liability is not "plausible." Despite these arguments being the Motion's focus, Omegra fails to identify—let alone respond to—either position. Where Omegra does address WFS' arguments, it uses inflammatory remarks and mischaracterizations of the record in an apparent attempt to confuse the issues.

Omegra's affirmative arguments fare no better, and, if anything, reflect that its fraud claim is pure speculation. For example, Omegra asserts that it needs discovery to discover whether there was fraud (*i.e.*, a fishing expedition). And Omegra submits irrelevant articles reporting that nonparty Sentek's employees were charged with stealing fuel. These tactics further underscore

1

the strong basis for requiring fraud allegations to be pled with particularity. Moreover, even if the alleged bad conduct of *Sentek*'s employees could in any reasonable way support fraud in this case (it quite clearly cannot), that could not support a fraud claim against *WFS*.

Omegra also wrongly argues that the certification motion was untimely, despite conceding that no set time period exists for filing. Just like on a reconsideration motion, the timeliness of a certification motion is based on a reasonableness standard. Omegra does not (because it cannot) contest that WFS' reconsideration motion was timely made. That reconsideration motion addresses an issue on which the Court did not even address WFS' original contract-, pleading-, and caselaw-based arguments. Further, the certification motion was made at the same time and in the alternative—that is, in the event the Court denies reconsideration. This sort of certification motion thus could not have been made any earlier. If the Court were to have certified this issue prior to reconsideration, the Circuit would have remanded for this Court to address WFS' arguments in the first instance. By contrast, Omegra's lead case, for example, addressed a party moving for certification months after the court's reconsideration order. That is quite clearly not the posture here, even if the legal rules on which those cases are based is correct (they are not).

For these and other reasons discussed below, WFS' Motion should be granted.

## ARGUMENT

### I. THE ORDER SHOULD BE RECONSIDERED

The Order should be reconsidered because it is clearly erroneous and manifestly unjust, a result apparently stemming from a misapprehension of the legal and factual issues and of WFS' arguments. *See* Mem. at 7–8. Omegra's rebuttals are misrepresentations of WFS' positions and should be disregarded. *Compare* Opp. at 9–10 (Omegra citing *Waite*, asserting WFS did not argue Court misapplied law), *with* Mem. at 8–15 (WFS arguing Court's holding was clear misapplication of substantive contract law and procedural pleading rules, including in light of other courts that

2

have come to contrary holdings and the policy of Rule 9(b)); *compare* Opp. at 10 (Omegra citing *Rogers*, asserting WFS did not "mention that this Court somehow failed to apprehend a portion of its argument"), *with* Mem. at 8 (WFS arguing the "Court did not fully apprehend" WFS' argument); *compare* Opp. at 10 (Omegra asserting WFS has not asked the Court to reconsider dispositive issues), *with* Mem. at 1, 6–8, 17 (WFS discussing why this issue is dispositive).[1]

## A. The Order Is At Odds With The Parties' Contract

WFS devoted three pages of its Motion to discussing how the parties' bunker quality dispute resolution clause operates and why inferring fraud as the Court did would render that clause a nullity. *See* Mem. at 8–11. In **_all_** disputes implicating the binding fuel sample, there will be a conflict in test results. So if the fraud exception to that binding fuel sample could be inferred by a mere conflict in test results, the exception would swallow the rule in this widely-used provision.

Omegra does not address this argument. *See* Opp. at 11. Instead, Omegra just says (multiple times) that the Court already addressed this issue. But nowhere in the Order did the Court discuss how its holding is consistent with the parties' contract such that the exception would not swallow the rule, despite WFS arguing that in prior briefing. *Compare* ECF No. 21 at 5 (WFS arguing this in its reply brief), *with* Order (not addressing this argument). It thus appears the Court either overlooked or misapprehended this issue, which is precisely why it should be reconsidered.[2]

---

[1] Omegra also attempts to distinguish *Fuller*. *See* Opp. at 10. But WFS only relied on *Fuller* for the proposition that this sort of Motion is "treated as made pursuant to Rule 60[.]" *See* Mem. at 7. Omegra does not contest that point. *See generally* Opp. There is thus no dispute on *Fuller*.

[2] Omegra suggests the Court held that the "Supplier Sample" is by itself not "conclusive and binding," but, rather, that all fuel samples can be "conclusive and binding." *See* Opp. at 11. Not so. *See* Order at 11 (finding results from the "Supplier Sample" are "conclusive and binding" on the parties "absent fraud or manifest error"); *id.* at 26 (finding that the "one sample" that "conclusively represents the quality of the bunkers" is, absent fraud, the "Supplier Sample").

3

### B.     The Order Is At Odds With Well-Established Pleading Requirements

Fraud is not "plausible" here because a conflict in test results is "merely consistent" with fraud.  *See* Mem. at 11–12 (citing *Newbauer*).  A conflict in test results arises in numerous cases not implicating a defendant's fraud, including, for example, where the plaintiff's or defendant's fuel samples were poorly collected, or were properly collected but from a contaminated source, and thus, in either event, did not accurately reflect the delivered fuel; where either of those samples were not properly stored and thus deteriorated prior to testing; where there was a flaw in either the plaintiff's or defendant's tests; where the plaintiff fabricated its samples or test results; *etc*.  These scenarios are precisely why the parties agreed on the "conclusive and binding" sample in the first place—to avoid litigating those issues.  To infer ***fraud*** on the defendant from a mere conflict in test results is thus anything but reasonable.  Indeed, if it is reasonable to infer fraud from mere conflicting test results, then it is also reasonable to infer that Omegra defrauded WFS.

Simply put, this sort of pleading runs afoul of the Supreme Court's "merely consistent" rule.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are '***merely consistent*** with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 553–57 (2007) (antitrust conspiracy not plausible from mere fact that multiple entities engaged in the same business practices) (emphasis added)).

Once again, Omegra does not address this argument.  Instead, Omegra just says (again multiple times) that the Court already addressed this issue.  But nowhere in the Order did the Court discuss how a conflict in test results is not "merely consistent" with fraud, despite WFS arguing that in prior briefing.  *Compare* ECF No. 21 at 5 (WFS arguing this in its reply brief), *with* Order (not addressing this argument).  It thus appears that the Court either overlooked or misapprehended this issue, which is again why it should be reconsidered.

### C. The Order Is At Odds With Other Courts That Have Addressed This Issue

In contrast to this Court's holding, New York courts have held that manifest error and fraud in marine fuel disputes may not be inferred from a mere conflict in test results without further substantial indicia of bad faith and fraud, respectively. *See* Mem. at 12–14.

Omegra's attempt to distinguish *Sempra* and *Duferco* is flawed. Regarding *Sempra*, and contrary to Omegra's suggestion (*see* Opp. at 12), the plaintiff *did* attempt to establish the "manifest error" and "fraud" exceptions to the parties' binding test result by pointing to a conflict in test results. *See Sempra Energy Trading v. BP Prods. N. Am.*, 2007 WL 2175555 §§ II(a) & (b) (N.Y. Sup. Ct. July 12, 2007). In *addition* to finding that the plaintiff failed to allege facts supporting those exceptions, the court *also* went on to note that the plaintiff had not even forthrightly pled fraud. *See id.* § II(b) ("**Furthermore**, Sempra has not even claimed, nor provided evidence, that BP has engaged in fraud, only that there is a possibility that **BP *may* have committed fraud**." (emphasis added)). That sort of wishy-washy fraud claim is precisely what Omegra pled here. Omegra does not actually plead that WFS defrauded Omegra. Rather, as Omegra itself observed, the person it claims who allegedly, on "information and belief," committed fraud was "Defendant **_or_** its physical supplier." ECF No. 20 at 14 (emphasis added).

Regarding *Duferco*, Omegra asserts that WFS mischaracterized that opinion. *See* Opp. at 13. Not so. Omegra even block quotes a portion of that opinion supporting WFS' position. *Compare id.* ("Accordingly, the Court concludes that the arbitrator correctly ruled that *evidence of gross error in an inspection is, standing alone, insufficient to establish bad faith or fraud*[.]" (Omegra quoting *Duferco*)), *with* Mem. at 14 ("In *Duferco*, the Southern District of New York surveyed New York opinions (including *Sempra*) and held that, under New York law, a *mere conflict in test results with no other substantial indicia of bad faith*—particularly where the parties contractually agreed for a particular test result to be "conclusive and binding"—is

5

*insufficient to infer even gross error, let alone fraud*." (WFS citing *Duferco*) (emphasis added)). Moreover, like the above contract- and pleading-based arguments, WFS relied on *Duferco* in prior briefing, but the Court did not address that opinion in the Order, further reflecting that the Court either overlooked or misapprehended this issue such that it should be reconsidered. *Compare* ECF No. 21 at 5 (WFS citing *Duferco*), *with generally* Order (not addressing *Duferco*).

Critically, Omegra does not cite a single case supporting the Court's holding.

### D. The Order Is At Odds With The Policy Of Rule 9(b)

WFS detailed several Rule 9(b) policy justifications that are upended by the Court's fraud holding, including allowing WFS' goodwill to be smeared through insubstantial grounds (*see, e.g.*, ECF Nos. 51-1 & 51-2 (Omegra attempting to impute purported bad conduct from nonparty Sentek onto WFS)); permitting a thinly pled fraud claim to proceed as an apparent fishing expedition and nuisance-value settlement-extracting device;[3] rendering it incredibly difficult for a defendant that conducts high volumes of bunker transactions to prepare a meaningful defense on no particularized information of purported fraud; and, most importantly, frustrating the stability in economic transactions that rely on this dispute resolution provision—all while incentivizing (rather than dis-incentivizing) fraud. *See* Mem. at 11–12, 14–15. Omegra completely failed to identify—let alone respond to—any of those arguments such that they are conceded. *See generally* Opp.

### II.   THE ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL

If not reconsidered, the Court's holding reflects that bunker dispute clauses that are ubiquitous in this industry are unenforceable. WFS thus requests that the Court at least certify this question: **May fraud be inferred simply from a conflict in bunker sample test results?**

---

[3]   Omegra actually proves the point with respect to a fishing expedition. *See* Opp. at 13 ("This fraudulent scheme, as plausibly alleged in the Amended Complaint, will be uncovered only through diligent discovery and presentation at trial.").

### A. This Certification Motion Was Timely Made

Omegra's untimeliness argument is wrong. *See* Opp. at 13–15.

***First***, there is no dispute that a motion for certification should be filed within a reasonable time. And that is what happened here. WFS moved for reconsideration of an issue on which WFS' arguments went unaddressed in the Order. *See supra* Arg. §§ I.A–C (discussing WFS' arguments that the Court did not address). It is **undisputed** that that reconsideration motion was timely made. And, at the **same time**, WFS also moved for certification in the alternative in the event the Court rejected—and thus denied reconsideration of—WFS' previously unaddressed arguments that gave rise to a clearly erroneous and manifestly unjust holding. Had WFS sought certification first (as Omegra apparently contends), the Eleventh Circuit would have remanded for this Court to address the arguments in the first instance. *See, e.g.*, *Resnick v. KrunchCash*, 34 F.4th 1028, 1040 (11th Cir. 2022) (collecting cases, remanding for district court to rule on argument in the "first instance" that was previously raised by appellant, identified by the district court, but left unresolved). This sort of certification motion thus could not have been made any earlier.

Omegra's relied-on cases are inapposite. Omegra's lead case, for example, took issue with a party moving to certify the court's reconsideration order 46 days after the court entered that order. *Fabricant v. Sears Roebuck*, No. 98-1281-CIV-NESBITT, 2001 WL 883303, at *1 (S.D. Fla. Jan. 29, 2001). WFS, on the other hand, moved in the alternative for certification **in anticipation of, and before**, the reconsideration order was even entered.

***Second***, even if WFS had moved for certification well after the Court's ultimate reconsideration order, Omegra's cited cases misapply 28 U.S.C. § 1292(b)'s 10-day rule. Omegra's relied-on cases discuss some non-existent requirement in the Rules and Statutes that a party must move for certification within a few days of an order. Those discussions stem from the Seventh Circuit's opinion in *Richardson Electronics v. Panache Broad*, which itself relied

7

on opinions applying the 10-day rule in the appellate context. 202 F.3d 957, 957 (7th Cir. 2000) (citing *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (discussing 10-day rule)). Indeed, *Fabricant*'s "days, not months" comment appears to also be based on *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981), which itself addressed the 10-day rule.

But the 10-day rule only applies to **filing the interlocutory appeal** with the Circuit Court, not moving for certification with the District Court. *See Giddes v. Glens Falls Ins.*, 2003 WL 23486911, at *1 (M.D. Fla. Aug. 5, 2003) (holding 10-day rule does not apply to the district court). And courts in this Circuit do allow certification motions to be filed well after the at-issue order. *See id.* (holding filing certification motion after two months was timely). Indeed, the Circuit in *Aparicio* (which is binding precedent in this Circuit) held that a district court may even amend orders to **renew** expired 10-day periods, *see* 643 F.2d at 1112, thus further reflecting the flaw in *Fabricant*'s holding, *see* 2001 WL 883303, at *1 (citing *Aparicio*'s 10-day holding and then asserting that a certification motion must be filed within days of an order or else must be denied).

*Finally*, Omegra does not even suggest it has been prejudiced by the motion's timing.[4]

### B. The Question Presented Meets All Requirements For Interlocutory Appeal

Certification should be granted because all threshold elements are met by the question presented: (1) this is a "pure question of law" that requires no factual analysis, (2) this question supports all remaining claims such that it controls a "substantial part of the case," (3) this question would be clearly identified in the Court's order, (4) the Court's holding raises a jurisdictional split

---

[4]   To be clear, Omegra does argue it *would be* prejudiced if the Court *grants* certification because it would be unable to obtain discovery. *See* Opp. at 14–15. But that purported prejudice does not stem from the *timing* of the certification motion; it stems from *granting* the certification motion. And, in any event, that contention is completely wrong. WFS moved for certification before the pleadings closed, *see* ECF No. 36 at 2 (setting Oct. 14 deadline to amend pleadings), and the Court already indicated it would entertain amendments to the pre-trial schedule in the event of an interlocutory appeal (assuming, of course, Omegra prevails on appeal), *see* ECF No. 23.

such that there is "substantial grounds for differences of opinion on the question," and (5) if this question is answered in the negative, it would be dispositive of the two remaining claims such that it would "reduce the amount of litigation necessary on remand." *See* Mem. at 16–17.

The only positions Omegra contests are the second and fifth, arguing that this issue is not dispositive of anything. *See* Opp. at 15–17. That is wrong, and Omegra's inflammatory remarks that WFS is "minimizing" and "skewing" the Court's holding through a "flippant" question is, to say the least, misplaced, and, if anything, reflects an implied concession that Omegra recognizes the holding should be reconsidered.[5] The Court held that Omegra alleged sufficient non-conclusory factual "information" that reasonably supported its "belief" that WFS fabricated the controlling fuel sample to deceive Omegra: "Specifically, [the Amended Complaint] alleges that four fuel samples were tested and three of them revealed that the Bunkers were off specification" and the "one sample that conclusively represents the quality of the bunkers" had "just so happened to be the one sample that was on-specification[.]" Order at 25–26. So if a mere conflict in test results in this bunker dispute is insufficient to infer fraud, Counts I and III must be dismissed.

### C. Compelling Policy Reasons Support Exercising Discretion For Certification

Certification is particularly warranted here because (1) this issue impacts the larger bunker industry, which relies on the same dispute resolution provision, (2) if WFS needed to wait until final judgment to appeal, this litigation-avoidance mechanism would be meaningless, (3) a fishing expedition would be taken if discovery on this costly, intrusive fraud claim were permitted before appellate review, and (4) the Court's holding incentivizes forum shopping. *See* Mem. at 17–19.

---

[5] Omegra is effectively recognizing that the question presented should be answered in the negative. Omegra attempts to avoid an inevitable reconsideration by aggressively (and incorrectly) asserting that the Court's holding was not based on a mere conflict in test results.

9

Omegra fails to respond to, and thus concedes, WFS' second and fourth positions. *See* Opp. at 17–18. Regarding the first position, WFS did not proffer "evidence" that this sort of dispute resolution provision is widely adopted in this industry because—frankly—that is indisputable. Indeed, Omegra—an entity that operates in this industry—does not actually contest this; it just asserts that WFS has not proffered "evidence." *See id.* at 18.[6]

Regarding WFS' third position, Omegra misstates the role of discovery. If certification is granted and the Eleventh Circuit reverses, that means "neither the parties nor the court have any need for discovery" because fraud would have been insufficiently pled. *See Chudasama v. Mazda Motor*, 123 F.3d 1353, 1367 (11th Cir. 1997). Indeed, Omegra's suggestion that it needs discovery to discover whether there was fraud (*i.e.*, a fishing expedition), *see* Opp. at 13 & 15–16, is precisely what Rule 9(b) is designed to avoid, *see* Mem. at 14 (discussing fishing expeditions), and further reflects that Omegra's fraud claim is wholly speculative.

Finally, as a further reflection of Omegra's failure to plead fraud, it submits irrelevant articles discussing charges against certain of Sentek's employees. Sentek is a nonparty, and it is unrelated to WFS. WFS simply contracted with Sentek to deliver fuel to the Vessel. Moreover, the reported charges relate to Sentek's employees stealing fuel. There is no basis for that to in any reasonable way support an inference that, here, WFS fabricated a fuel sample to deceive Omegra.

## **CONCLUSION**

For the reasons discussed above, WFS' Motion should be granted and this case dismissed.

---

[6] *See, e.g.*, https://www.chevronmarineproducts.com/en_mp/home/fuel-ports/fuels-products/fuel-tos-cmp.html (§ 9(b)); https://marinefuels.totalenergies.com/sites/g/files/wompnd1851/f/atoms/files/general_terms_of_sales.pdf (§ 9.2(f)); https://www.freepoint.com/wp-content/uploads/2021/07/FREEPOINT-Marine-Fuels-GTCs_4.1.2019.pdf (§ 7(c)); *VL8 Pool v. Glencore*, 20-cv-02053 (S.D.N.Y.) ECF No. 1-3 at 7 (§ 7(c)); *Sing Fuels v. M/V Lila*, 20-cv-00058 (E.D. Va.) ECF No. 1-3 at 10 (§ 10.6).

10

**REQUEST FOR HEARING**

Given the implications that this Motion will have on future cases and the larger bunker industry, WFS respectfully renews its request for oral argument. *See* Mem. at 20. Omegra did not oppose this request in Opposition. *See generally* Opp.

Dated: October 27, 2022

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: /s/ *Adolfo E. Jimenez*
Adolfo E. Jimenez
FL Bar No.: 869295
Gabriel Godoy-Dalmau
Florida Bar No.: 1036181
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7720
Adolfo.Jimenez@hklaw.com
Gabriel.Godoy-Dalmau@hklaw.com

Robert Denig (admitted pro hac vice)
31 W. 52nd St. 12th Fl.
New York, NY 10019
Telephone: (212) 513-3200
Robert.Denig@hklaw.com

*Attorneys for Defendant*
*World Fuel Services (Singapore) PTE LTD*