UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OMEGRA SHIPPING PTE LTD OF SINGAPORE, | Civil Action No. 2022-cv-20531 |
| Plaintiff, | |
| v. | |
| WORLD FUEL SERVICE (Singapore) PTE LTD, | |
| Defendant. | |

**<u>DEFENDANT'S REPLY IN SUPPORT OF ITS EXPEDITED MOTION TO COMPEL</u>**

WFS respectfully submits this reply brief, together with its Supplemental Briefing, ECF No. 68, in further support of its Expedited Motion to Compel, ECF No. 67 ("Expedited Motion" or "Mem."), as well as in response to Omegra's Opposition to the Expedited Motion, ECF No. 69 ("Opposition" or "Opp."). WFS respectfully renews its request for an expedited ruling.

### PRELIMINARY STATEMENT

Omegra's Opposition proves exactly why WFS needed to seek judicial relief through its Expedited Motion. For months, Omegra had assured WFS that it would produce various nonprivileged documents responsive to WFS's requests, including on Omegra's claimed damages. But when Omegra notified WFS on September 5 that its **100-document (50 email)** production was complete, it still had not produced any such documents. And, on September 7, when WFS requested that those documents be produced together with the clearly nonprivileged materials logged in Omegra's August 29 privilege log, Omegra unequivocally refused. And, on September 11, when WFS insisted that it would need to seek expedited judicial relief given the upcoming deadlines and depositions, and just hours before WFS ultimately filed the Expedited Motion, Omegra assured WFS that it would now produce certain unspecified documents from its privilege log by September 11 as well as "comprehensive responses" regarding all other issues by September 12. Omegra did not. Omegra has yet to provide a meaningful response on, for example, why it apparently spoliated material evidence. And it was not until just hours before Omegra filed its Opposition on September 14 that it (presumably) produced documents with third parties that were previously notated on its privilege log. That is, just 5 days before depositions commence and 1 week before fact discovery closes, Omegra produced **660 documents** amounting to **7,680 pages.**

From this, along with several clear misrepresentations of WFS' positions, Omegra claims that—except for two issues—there are no longer any pending disputes. That is wrong.

**ARGUMENT**

**I.**    **Omegra Should Be Compelled To Produce Withheld Documents**

Omegra's Opposition notwithstanding, it is still withholding documents and otherwise maintaining evasive discovery tactics.  First, Omegra claims that, in its September 14 production, it has now produced "documents supporting its claimed damages; documents reflecting sums or credits it earned relating to the at-issue fuel; internal documents; communications with vessel owners after November 11, 2021; and the various subsidiary emails within previously produced email chains."  Opp. at 7.  Omegra does not explain why it did not (purportedly) produce those materials before WFS had to seek judicial relief.  Regardless, given the size of Omegra's production, WFS is currently unable to confirm all of these representations.[1]  That said, from a simple metadata analysis, Omegra has not produced any "internal documents."  Indeed, all communications in Omegra's productions to date (bates ranges OMEGRA000001 – OMEGRA001996) are with, or entirely from, third parties to Omegra.[2]

Second, Omegra claims that WFS "has not moved for any ruling on Omegra's objection" regarding materials relating to Omegra's arbitration proceedings against the vessel owners.  Opp. at 7.[3]  But Omegra has **never** made any such objection, which is why Omegra does not cite to any objection in Opposition.  *See generally* ECF Nos. 66-1 & 66-5.  Omegra's bare representation that it "objected to the production of these documents" (Opp. at 7) is simply false.  Further, even if Omegra had objected to producing arbitration materials specifically or otherwise confidential

---

[1]    Undersigned counsel's litigation support team has indicated it would take at least approximately 48 hours of processing to ensure Omegra's current representations are accurate.

[2]    WFS remains puzzled how Omegra intends to prove its damages without evidence.  WFS reserves the right to preclude Omegra's future reliance on documents not produced pursuant to its discovery obligations.

[3]    There is a reason Omegra is refusing to produce arbitration materials.  Per Omegra's limited productions to date, Omegra was taking several of the same positions against the vessel owners that WFS is taking (and Omegra is opposing) in this action.  That at least would impeach Omegra in this action and, if there were adjudications in the arbitration, would have preclusive effect against Omegra in this action.  Indeed, for all WFS knows, Omegra might have prevailed in its arbitration against the vessel owners, completely nullifying its claimed damages in this action.

information generally, that does not shield the document from discovery. *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979) ("[T]here is no absolute privilege for . . . confidential information."); *HT-Santa Barbara v. Ceebraid-Signal*, 2006 WL 8433688, at *3 (S.D. Fla. Mar. 20, 2006) ("A general concern for protecting confidentiality does not equate to privilege," and "information and documents are not shielded from discovery merely because they are confidential." "Only privilege, not confidentiality, is a valid objection under Fed. R. Civ. P. 26(b)." (citing *Merril*)). And even if arbitration materials were a form of privilege, those materials are not on Omegra's privilege log. *See* **Exhibit A (Omegra's Amended Privilege Log).**

Third, Omegra misstates WFS' Request For Production 6 and its current position on the matter. Opp. at 8. RFP 6 is not directed at a "question of the quality" of other fuel, as Omegra states. RFP 6 is directed at documents such as agreements, test results, invoices, receipts, *etc.*, regarding other fuel purchased for, or consumed by, the at-issue vessel during the relevant time period. *See* ECF No. 66-5 ¶ 6. That is material to, for example, WFS' on-specification, mitigation, and damages defenses. Indeed, Omegra does not oppose that those documents are relevant, thus conceding that objection. *See generally* Opp. at 8; ECF No. 66-5 ¶ 6. All such documents should have been preserved (including regarding replacement fuel). Omegra's evasive, partial response in Opposition (Opp. at 8)—including after assuring WFS that it would provide a "comprehensive response"—regarding its apparent destruction of that evidence, should be supplemented with a detailed explanation of what happened under oath.[4]

---

[4]   Indeed, in light of the lack of internal documents at Omegra in its productions to date as well as Omegra's now admitted destruction of at least some evidence, it almost appears as if Omegra failed to preserve any document regarding this action and simply produced materials that it was able to receive from third parties, such as from its lawyers and consultants.

## II.   <u>Omegra's Amended Privilege Log Is Still Deficient</u>

Although Omegra's amended Privilege Log no longer claims privilege over materials with third parties, it is still materially deficient.  First, Omegra's privilege log does not identify any basis for a given privilege—be it attorney-client communication, work product, or otherwise.  *See generally* Exhibit A.  Second, Omegra continues to claim "Privileged – Withhold" over attachments to what it claims are privileged communications without giving any information as to the document at all.  *See generally id.*; *see, e.g.*, *id.* at CTRL00000159–168.  Attachments are not privileged simply because they are attached to an otherwise privileged email.

## III.   <u>WFS Should Be Allowed To Continue Omegra's Deposition</u>

In light of Omegra's September 14 **660 document- (7,680 paged-)** production together with the still remaining document issues discussed above, WFS should be allowed to continue its deposition (be it in whole or in part) of Omegra's Rule 30(b)(6) representative and key fact witness Steven Goh to no later than October 27.

As another instance of Omegra's misrepresentations (and consistent with the tactics that led to the Expedited Motion), Omegra claims that WFS requested a complete extension of time to conduct all fact discovery.  *See* Opp. at 9.  WFS did not request, and it fully opposes, a general extension of time for fact discovery as well as for Omegra to continue any sort of fact discovery.  WFS' request is limited only for WFS to take Omegra's deposition.  Nothing more.

Moreover, as yet another material misrepresentation, Omegra claims that WFS "document dumped" "768 new documents."  Opp. at 6, 9 & n.3.  That is not true.  After the stay in this case was lifted and the discovery schedule was reset, WFS continued searching for and reviewing materials responsive to Omegra's original requests and finalized reviewing materials for privilege.  On September 11, WFS produced *136 documents* totaling *768 pages* (not 768 documents) together

with its privilege log.  Moreover, from a simple metadata analysis of those documents, 86 documents are materials that Omegra already had in its possession.  Specifically, 50 documents were emails with Omegra or its agents (such as Omegra's lawyers) and 16 documents were duplicates from WFS' prior production (produced as part of new families of documents).  That is, WFS only produced **50 "new documents"** totaling **136 pages**—not a document dump.

**IV.    An Award Of Fees And Costs Is Appropriate**

In light of the clear record of Omegra's tactics to date, its concessions made only *after* WFS filed the Expedited Motion, and repeated misrepresentations in its own Opposition, WFS filed the Expedited Motion in good faith, Omegra's discovery positions were not "substantially justified," and the circumstances reflect that fees and costs are just.

## CONCLUSION

In light of the now slightly narrowed issues, WFS respectfully requests an order: (1) directing Omegra to produce within seven days an amended privilege log identifying the nature of and justifying the assertion of privilege over all documents listed; (2) directing Omegra to produce within seven days all remaining responsive, nonprivileged documents (including those relating to the arbitration proceedings); (3) directing Omegra to produce a "comprehensive response" in a declaration as to why it no longer has certain evidence relevant to this case; (4) allowing WFS to continue (in whole or in part) the deposition of Omegra's 30(b)(6) representative and key fact witness, Steven Goh, to no later than **October 27**; and (4) awarding WFS its fees and expenses on this motion, along with any other relief this Court deems just and appropriate.

## Local Rule 7.1(d)(2) Expedited Motion Basis

For the same reasons discussed in the Expedited Motion, including the parties' upcoming depositions and close of fact discovery, WFS respectfully renews its request for an expedited ruling on this motion.

Dated: <u>September 15, 2023</u>

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
By: /s/ *Adolfo E. Jiménez*
Adolfo E. Jimenez
Florida Bar No. 869295
Gabriel Godoy-Dalmau
Florida Bar No. 1036181
Douglas Lehtinen
Florida Bar No. 0126452
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7720
Adolfo.Jimenez@hklaw.com
Gabriel.Godoy-Dalmau@hklaw.com
Douglas.Lehtinen@hklaw.com

Robert Denig (admitted pro hac vice)
31 W. 52nd St. 12th Fl.
New York, NY 10019
Telephone: (212) 513-3200
Robert.Denig@hklaw.com

*Attorneys for Defendant*
*World Fuel Services (Singapore) PTE LTD*