UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OMEGRA SHIPPING PTE LTD OF SINGAPORE,<br><br>     Plaintiff,<br><br>v.<br><br>WORLD FUEL SERVICES (Singapore) PTE LTD,<br><br>     Defendant. | Civil Action No. 2022-cv-20531 |

**DEFENDANT WORLD FUEL SERVICES'**
**NOTICE REGARDING MEET AND CONFER**

Defendant World Fuel Services (Singapore) Pte. Ltd. ("WFS") files this notice, in the interest of completeness and consistent with Local Rule 7.1(a)(3), to update the court on information received after WFS served a Motion for Sanctions on Plaintiff Omegra Shipping Pte. Ltd. of Singapore's ("Omegra") over 21 days ago, and in further support of the Motion for Sanctions that WFS has since filed, DE 73.

On October 24, 2023, WFS served its Motion for Sanctions on Omegra's counsel via email, and requested to meet and confer with Omegra later that week or, in the alternative, in the subsequent two weeks. Omegra's counsel acknowledged receipt of the Motion on October 27 and indicated it would respond substantively within the next 7-10 days. On November 1, Omegra requested to meet and confer regarding the Motion on Friday, November 10, to which WFS's counsel agreed. On November 9, still not having responded substantively, Omegra indicated that it needed to postpone the meet and confer to November 13 or 14. WFS, recognizing that November 14 was the 21st day after service of the Motion for Sanctions (and the day by which Omegra needed to withdraw or appropriately correct its fraudulent Complaint under Federal Rule of Civil

Procedure 11(c)(2)), requested the meeting take place on Monday, November 13. Omegra indicated on November 9 that it would provide a written response with documentary support for its position regarding the Motion for Sanctions in advance of the parties' meet and confer.

On Saturday, November 11, Omegra provided a declaration from Menelaos Nicolaou (the "Nicolaou Declaration," attached as **Exhibit A**), a lawyer representing Omegra throughout this dispute, and specifically involved in the London arbitration between Omegra and the vessel owners following the delivery of the fuel on September 24, 2021. Mr. Nicolaou also participated in mediation in the present case on behalf of Omegra. However, Omegra did not and has not provided any documentary support.

The Nicolaou Declaration openly and admittedly contradicts the sworn (under penalty of perjury) deposition testimony of Omegra's designated 30(b)(6) corporate representative on many points regarding noticed topics, stating simply that Omegra was wrong in its testimony. Omegra provides this despite not having corrected any of its deposition testimony on its own, not having submitted an Errata Sheet for its deposition, not having responded to WFS's request for and reminders of the deadlines to submit an Errata Sheet for Omegra's deposition, and not having responded to WFS's own submission to it of Errata Sheet corrections for Omegra's deposition testimony. Nor has Omegra indicated any intent to correct its deposition testimony beyond the Nicolaou Declaration. It is entirely inappropriate for Omegra to attempt to turn its counsel into a witness to contradict, testify against, and challenge the credibility of its own sworn testimony.

Furthermore, the Nicolaou Declaration does not address why Omegra failed to disclose the arbitration action(s) to this Court in response to the Court's order (DE 22) or WFS's request for production. Nor does the Nicolaou Declaration attempt to dispute that Omegra has provided no factual or legal basis whatsoever for its claim of fraud against WFS. It simply attempts to explain

away Omegra's sworn under penalty of perjury deposition testimony regarding the arbitration proceedings between Omegra and the vessel owners.

On November 13, counsel for WFS and Omegra met and conferred. Counsel for Omegra insisted that the arbitration proceedings had been limited to Omegra seeking permission to board the vessel and take further samples of the fuel in early November 2021. However, the Nicolaou Declaration contradicts that very position, as it confirmed that the arbitration proceedings have not been closed (even though Omegra was denied its request to board the vessel by the arbitrator on November 12, 2021, *see* DE 73-7 (Exhibit G to WFS's Motion for Sanctions) at OMEGRA 000919, prior to the testing of the second CCIC sample, and any such "boarding of the vessel" dispute between Omegra and the owners ended then and there), and that the arbitration proceedings are indeed in abeyance pending the outcome of the present action before this Court. The only explanation for why the arbitration proceedings between Omegra and the vessel owners are paused, waiting for the outcome of this case, is exactly what Omegra testified to in its sworn deposition: Omegra has challenged (or intends to challenge) the validity of the sample(s) provided for testing by the vessel owners. Omegra has simply postponed proceeding with a claim against the Owners (possibly for fraud) in connection with the fuel samples while it sees what fruits will be borne of its fictional case for fraud against WFS.

In addition, the Nicolaou Declaration directly conflicts with documents provided by Omegra during discovery. Those documents, *see* DE 73-2 (Exhibit B to WFS' Motion for Sanctions) at OMEGRA 000915-915.12, discussed in the Motion for Sanctions, show that Omegra affirmatively presented to the arbitration tribunal that the source of neither VISWA nor the CCIC#1 sample could be known, that the CCIC#1 sample was not listed on the BDN, and that neither the VISWA nor CCIC#1 sample could have come from the 5-liter cubitainer that was used

3

to collect the samples from the Sentek barge. This directly contradicts the assertions made in paragraph 13 of the Nicolaou Declaration, which swears (under penalty of perjury) that Omegra never made any such attestations in any arbitration proceeding.

On top of this, Omegra still has failed to produce any submissions or related materials from the arbitration proceedings against the vessel owners that substantiate the claims made in the instant, inconsistent Nicolaou Declaration.

Contrary to counsel for Omegra's protestations at the November 13 meet and confer, the Nicolaou Declaration does nothing to explain, justify, or excuse any of Omegra's actions violating Rule 11, constituting fraud upon this Court, or otherwise warranting sanctions. Omegra continues to attempt to assert fraud against WFS in the hopes of winning (despite having no evidence whatsoever to support such a claim) while preserving its ability to turn around, if it loses here, and accuse the vessel owners in an arbitration proceeding of the very same thing it has accused WFS of here.

Dated: November 15, 2023

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
By: /s/ *Adolfo E. Jiménez*
Adolfo E. Jimenez
Florida Bar No. 869295
Gabriel Godoy-Dalmau
Florida Bar No. 1036181
Douglas Lehtinen
Florida Bar No. 0126452
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7720
Adolfo.Jimenez@hklaw.com
Gabriel.Godoy-Dalmau@hklaw.com
Douglas.Lehtinen@hklaw.com

Robert Denig (admitted pro hac vice)

31 W. 52nd St. 12th Fl.
New York, NY 10019
Telephone: (212) 513-3200
Robert.Denig@hklaw.com

*Attorneys for Defendant*
*World Fuel Services (Singapore) PTE LTD*