UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 2022-cv-20531-JAL

**OMEGRA SHIPPING PTE
LTD. OF SINGAPORE,**

          Plaintiff,

v.

**WORLD FUEL SERVICES
(SINGAPORE) PTE LTD.,**

          Defendant.
_____/

**PLAINTIFF'S MOTION FOR EXTENDED BRIEFING SCHEDULE IN
RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS (D.E. 73)**

NOW COMES Plaintiff, Omegra Shipping Pte Ltd. of Singapore ("Omegra" or "Plaintiff"), by and through its undersigned counsel, and moves the Court, pursuant to S.D. Fla. L.R. 7.1(a)(1)(J), for an order extending the briefing schedule in response to the motion for sanctions (D.E. 73, "Sanctions Motion") filed by Defendant World Fuel Services (Singapore) Pte Ltd. ("Defendant" or "WFS") on November 15, 2023. Specifically, Omegra requests that it be afforded until January 15, 2024, to file its opposition to the Sanctions Motion.

**I.**      **Procedural background.**

Omegra initiated this action on February 22, 2022. [D.E. 1.] WFS moved to dismiss the operative complaint on May 13, 2022. [D.E. 16.] On August 17, 2022, this Court denied Defendant's motion to dismiss Counts I (Breach of Contract) and III (Fraud) of Omegra's Amended Complaint. On October 5, 2022, Defendant moved for reconsideration of the denial and, alternatively, sought leave to appeal the decision to the Eleventh Circuit requesting a certified

1

question of whether fraud may be inferred "simply from a conflict in bunker sample test results." [D.E. 47 at 20.] On February 6, 2023, this Court denied the motion for reconsideration but granted leave for Defendant to appeal based on the following question: "May fraud be inferred from a conflict in bunker sample test results where (a) four samples are tested, (b) three of the tested samples reveal that the bunkers are off-specification, and (c) the only sample that is on-specification is the sample that conclusively determines the quality of the bunkers?" (D.E. 54 at 14.) On February 16, 2023, Defendant filed its Petition for Permission to Appeal this Court's Amended Order (D.E. 55) with the Eleventh Circuit, ignored the question certified by this Court, and asked the Eleventh Circuit instead to review its initial proposed question of whether fraud may be inferred "simply from a conflict in bunker sample test results.". (D.E. 56-1 at 11-12.) On May 17, 2023, the Eleventh Circuit denied Defendant permission to appeal. [USCA11 Case: 23-90004, D.E. 16-2.]

Less than two weeks before the close of fact discovery, and days before the parties agreed to present witnesses for deposition, Defendant filed an expedited motion to compel discovery. [D.E. 66.] This forced counsel for Omegra to respond to the motion while heavily engaged in deposition preparation. In response, Omegra detailed many of the actions it took to resolve discovery disputes, actions which counsel for Defendant were never satisfied with. [D.E. 69.] The Court denied Defendant's motion. [D.E. 72.]

Similarly at present, the parties scheduled expert depositions to take place between December 5-8, 2023. On November 15, 2023 – less than three weeks before depositions are scheduled to commence – Defendant filed a motion for sanctions against Omegra and its counsel. Per this Court's rules, a response to such a motion is required on or before November 29, 2023. As before, counsel for Omegra would ordinarily be required to respond to the Sanctions Motion

all while heavily engaged in deposition preparation. Moreover, this response deadline lands less than one week after the Thanksgiving holiday. Counsel for Omegra sought an agreement to extend the response date to January 15, 2024, but such request was denied by Defendant's counsel, who instead advised he would only agree to a one-week extension to December 6, 2023. This date, unsurprisingly, falls right in between the expert depositions that the parties agreed to.

Notably, the Sanctions Motion contains an additional five pages of argument in the form of a "Meet and Confer" statement. [D.E. 74.] *None* of these arguments were present in the Sanctions Motion previously served on Omegra's counsel per Fed R. Civ. P. 11(c)(2). However, such an issue will be addressed separately.

### II. An extension of time is warranted under the circumstances.

The Sanctions Motion accuses Omegra and the undersigned of making a series of material, knowing misrepresentations, all of which can be and have been refuted. Irrespective of its substance, a large portion of its arguments are not yet even ripe for review. That is, the entirety of the Sanctions Motion's Argument Section IV (pp. 15-19) relates to facts and circumstances that were witnessed or will otherwise be testified to and about by Omegra's expert witnesses, Mike Liu (fuel chemist at Brookes Bell), and Rahul Pandey (bunker surveyor at Universal Marine Surveying & Consultancy).

This last quarter of Defendant's argument – which reads more as an improperly submitted summary judgment motion disguised as a motion for sanctions – is woefully premature, as the record has yet to even be complete. Issues involving fraud oftentimes require expert evidence and opinion, especially in situations such as the one *sub judice* where substantive facts are not even in the possession of the party that suffered from the fraud. Omegra intends to offer each of its experts

for deposition pursuant to this Court's Amended Order Adopting Joint Scheduling Report (D.E. 65) on December 5 and 8.

Defendant attempts to argue that Omegra and undersigned counsel's conduct has been sanctionable because of failure to explain "how WFS (or Sentek) provided to AmSpec a second bottle of fuel different from the bottle of fuel provided to Sentek by the vessel's engineer and Omegra's surveyor after sampling," (D.E. 73 at 17) or "how, if the two bottles were the same, the sealed bottle when provided to AmSpec for testing could contain different fuel from the fuel provided to the vessel by Sentek," (*Id.*). This begs the questions: *when* would Omegra have been required to explain the factual bases of its claims but failed to, and *how* does this rise to sanctionable conduct?[1]

Despite Omegra initiating this action more than twenty months ago, discovery remains ongoing through mid-December, a delay caused by Defendant's motion for reconsideration of this Court's denial of its motion to dismiss and its subsequent interlocutory appeal that was denied by the Eleventh Circuit. Until all discovery is complete (December 15, 2023) and dispositive pretrial motions are due to be filed (January 19, 2024), Omegra's evidence-production remains ongoing, and it has the right to pursue its claims. It is certainly not common practice and, in fact, would be highly unusual for a plaintiff to "explain" its bases for its claims any more than Omegra has here. Omegra properly pled a good faith claim for fraud because "WFS and Sentek knew that the sample provided to Omegra for testing was not from the off-spec marine fuel that WFS sold Omegra and that Sentek physically supplied and delivered to Omegra," "WFS and Sentek intended that, by providing a sample for testing that was not from the off-spec marine fuel that WFS sold Omegra

---

[1] It should be noted that this section of the Sanctions Motion fails to cite a single case in support of the idea that a party's failure to "explain" the evidence that supports the elements of its claim prior to dispositive motion practice or the trial itself is somehow sanctionable. The notion is nonsensical.

and that Sentek physically supplied and delivered to Omegra, Omegra would be induced not to make any claims against WFS or Sentek for the sale or supply of off-spec marine fuel," and Omegra relied on WFS to provide marine fuel that met the specifications and relied on the results of the sample provided by WFS and Sentek in its decision to accept the Bunkers and, initially, object to Owners' request to de-bunker." [Amended Complaint, D.E. 4, ¶¶44-46.] Now, less than a month before discovery is to be completed and while heavily engaged in preparing for expert depositions and responding to expert discovery requests, a November 29 deadline for Omegra to respond to an unripe Sanctions Motion would be highly prejudicial to Omegra, as it would instead need to divert all its attention and resources to addressing such serious accusations.

As such, Omegra should be permitted to fully address the merits of the Sanctions Motion after discovery concludes and, if necessary, before dispositive motions are filed. Such a request avoids prejudicing Omegra during expert discovery and will allow Omegra to fully respond to the significant accusations lodged by Defendant in the Sanctions Motion. In any event, the Sanctions Motion is premature, and Omegra's deadline to respond should be extended accordingly. Defendant will not be prejudiced, as the Sanctions Motion would likely not be resolved by the Court until after expert depositions proceed in December of 2023 regardless of when Omegra is obligated to respond.

## CONCLUSION

For all the aforementioned reasons, Omegra has shown good cause supporting its motion for extension of time, and the undersigned should be afforded until January 15, 2024 to respond to Defendant's Sanctions Motion.

## CERTIFICATE OF CONFERRAL

In accordance with Local Rule 7.1(a)(3), undersigned counsel certifies that it conferred with counsel for Defendant by email, but the parties were unable to reach agreement on a briefing schedule for the Sanctions Motion.

Dated: November 17, 2023

Respectfully submitted,

**_//S//Jonathan S. Cooper, Esq.//_**
Jonathan S. Cooper
Florida Bar Number: 99376
jcooper@shiplawusa.com
Blanck & Cooper, PA
5730 SW 74th St. Ste. 700
Miami, FL 33143
Telephone: (305) 663-0177
Facsimile: (305) 663-0146

Local Counsel for Plaintiff
OMEGRA CORP SHIPPING PTE LTD.

**Timothy McGovern**
tim.mcgovern@zeilerfloydzad.com
Zeiler Floyd Zadkovich (US) LLP
53 West Jackson Boulevard, Ste. 1240
Chicago, Illinois 60604, USA

**Zachary Barger**
zach.barger@zeilerfloydzad.com
Zeiler Floyd Zadkovich (US) LLP
53 West Jackson Boulevard, Ste. 1240
Chicago, Illinois 60604, USA

Of Counsel for Plaintiff